UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA RENAE SHIPE,

    Plaintiff,

v.                                                     Case No. 8:24-cv-176-TPB-CPT

BRIAN JOHN TORRANCE,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant Brian John Torrance's *Unopposed Motion and Notice of Medical Examination of Plaintiff with Dr. [John H.] Shim*. (Doc. 27). For the reasons discussed below, Torrance's motion is granted.

I.

This case arises out of a motor vehicle collision between Shipe and Torrance. (Doc. 1-1). Shipe claims damages for injuries allegedly sustained in the collision. *Id.*; (Doc. 27). Shipe's physical condition is thus in controversy, and Torrance seeks an examination of Shipe by an orthopedic spine surgeon, Dr. John H. Shim, as a result. (Doc. 27).

Rule 35 provides that, upon a motion where good cause is shown, a court may order a party to submit to a physical examination by a suitably licensed or certified

examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). Here, as noted above, Shipe's physical condition is contested, and good cause therefore exists for Torrance's requested examination of Shipe. According to Torrance, Shipe agrees to this relief and, in fact, stipulates to the parameters for the examination proposed in Torrance's motion. (Doc. 27 at 2).

II.

Given the circumstances presented, the assessment of Shipe shall proceed according to the below terms and conditions. These terms and conditions are the same as those agreed to by the parties, except for some minor non-substantive changes made by the Court.

1. An appointment for the examination of Shipe has been tentatively scheduled to take place as follows:

| | |
|---|---|
| Examiner: | Dr. John H. Shim |
| Location of Examination: | Shim Spine<br>309 State Street East<br>Suite 201<br>Oldsmar, FL 34677-7220 |
| Date of Examination: | June 11, 2024 |
| Time of Examination: | 10:30 a.m. |

2. Unless a timely and valid objection is filed, Shipe is required to attend the above-scheduled examination.

3. The cost of the examination shall be initially borne by Torrance but may be subject to taxation by the Court upon a proper motion. If Shipe does not appear or cancels the examination for any reason prior to the scheduled exam, she shall be responsible for the cancellation fee.

4. The orthopedic examination of Shipe shall proceed as follows:

   a. The scope of the examination shall consist of a complete physical examination by Dr. Shim of all areas that Shipe claims were injured as a result of the incident. The examination will include and entail obtaining a full medical history of Shipe's current complaints and limitations, past medical and surgical history, and the manner in which Shipe was injured during the subject accident. The physical examination may include any non-invasive evaluation, such as range of motion testing and/or some variation thereof. No invasive assessment shall be performed without Shipe's informed consent or a further order of the Court.

   b. Shipe shall not be required to complete any lengthy information forms upon arrival at Dr. Shim's office. Shipe shall furnish Dr. Shim with her name, address, and proof of identification. It shall be the responsibility of defense counsel to provide Dr. Shim with Shipe's medical records. Shipe shall not be required to bring any medical records, films, or other materials to the examination. Shipe shall respond to questioning by Dr. Shim and/or his medical staff that is

          reasonably related to the examination, including inquiries about Shipe's medical history, a description of the mechanism of her alleged injuries, and her current physical condition. Shipe shall not be asked and will not respond to questions pertaining to liability.

    c.    Dr. Shim shall not ask Shipe any questions relating to Shipe's mental health, including Shipe's past mental health history, any past or current mental health symptoms, any past or current mental health treatment, and/or any mental or emotional anguish.

5.    Shipe is permitted to have a court reporter and/or videographer and/or Shipe's counsel present at the physical examination. Neither Torrance's attorney nor any of Torrance's representatives may attend, observe, record, or videotape the exam. Should the examination be videotaped, the recording shall remain the work product of Shipe's counsel, unless and until Shipe waives the privilege by listing same on her exhibit list and upon written request by Torrance. If a court reporter is present during the medical examination, the transcript shall remain the work product of Shipe's counsel unless and until Shipe waives the privilege by listing same on her exhibit list. Upon written request, the transcript shall be provided to defense counsel.

6.    Within fourteen (14) days from the date of the examination, Torrance shall produce to Shipe's counsel a copy of a detailed written report setting out all significant opinions rendered by Dr. Shim, including diagnoses, findings, and conclusions of Dr. Shim, and the results of all tests conducted.

7. Dr. Shim shall be identified as the defense examining physician and/or compulsory medical examiner.

8. Torrance is responsible for notifying Dr. Shim of the terms of this Order.

9. All protected health information generated or obtained by Dr. Shim and/or his medical staff shall be kept in accordance with HIPAA requirements and shall not be disseminated by the examiner or defense counsel to any other person or entity not a party to this case without a specific order from the Court.

III.

Based upon the foregoing, Torrance's *Unopposed Motion and Notice of Medical Examination of Plaintiff with Dr. Shim* (Doc. 27) is granted.

SO ORDERED in Tampa, Florida, this 31st day of May 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record